IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 3:17-cv-03731<br>)<br>) COMPLAINT |
| CSX TRANSPORTATION, INC., | )<br>) |
| Defendant. | )<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Amanda Hutchinson and a class of aggrieved female employees and job applicants. As alleged with greater particularity in Paragraphs 13 through 27, below, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that since at least January 2008 Defendant CSX Transportation, Inc. has subjected Ms. Hutchinson and a class of aggrieved female employees and job applicants to sex discriminatory physical abilities testing that resulted in those employees and job applicants being denied employment opportunities because of their sex, female, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the Southern District of West Virginia and other jurisdictions.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to institute this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant CSX Transportation, Inc. ("Defendant") has continuously been doing business in the State of West Virginia and the City of Huntington and has continuously employed at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Amanda Hutchinson filed a charge of discrimination with the Commission alleging that Defendant committed violations of Title VII.

7. In her charge, Ms. Hutchinson alleged that Defendant engages in employment testing practices that exclude women from a class of jobs, resulting in her exclusion from a position that she previously bid upon and was awarded at Defendant's Huntington, West Virginia facility.

8. On March 4, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by subjecting Hutchinson

2

and a class of women company-wide to sex discrimination regarding Defendant's employment testing practices and employment decisions related to such testing.

9. The Letter of Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On January 10, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. Since at least January 2008 and continuing to present, Defendant has engaged in unlawful employment practices at its Huntington, West Virginia facility and all other facilities and business operations company-wide through implementation of a physical abilities test battery in violation of Sections 703(a)(1) and 703(a)(2) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) & (a)(2).

14. Since at least January 2008 and continuing to present, Defendant has implemented a selection procedure requiring that candidates (both current employee candidates and non-employee job applicants) seeking to be hired/selected for at least 38 job titles must achieve a passing score on an isokinetic strength test known as the "IPCS" or "IPCS Biodex." The affected job titles include, but are not limited to, Conductor/Freight Conductor, P&M Clerk, Material Handler/Clerk, Entry Level Signal Maintainer/Worker, Track Worker, Carman, various Utility Worker and Electrician job titles, Painter, and other job titles.

15. Defendant's isokinetic strength test purports to measure certain aspects of job candidates' upper body and lower body muscular strength.

16. Candidates who fail to achieve a passing score on Defendant's isokinetic strength test were and are disqualified from the positions they sought or have already been previously awarded.

17. Defendant uses one of two pre-selected passing scores for its isokinetic strength testing, called "heavy" and "medium-heavy," to determine if candidates have passed the isokinetic strength test.

18. Defendant's isokinetic strength testing causes significant disparate impact on female employees and job applicants because of sex, as reflected in the results of its testing of well over 13,000 job candidates. For instance, the passage rate for male candidates seeking positions requiring the "heavy" passing score is approximately 87%, while the passage rate for female candidates seeking such positions is approximately 30%. The passage rate for male candidates seeking positions requiring the "medium-heavy" passing score is approximately 94%, while the passage rate for female candidates seeking such positions is approximately 47%.

19. Since at least July 2011 and continuing to present, Defendant has implemented a selection procedure requiring that candidates (both current employee candidates and non-employee job applicants) seeking to be hired/selected for at least 12 job titles must achieve a passing score on a three-minute step test. The affected job titles include, but are not limited to, Conductor/Freight Conductor, Entry Level Signal Maintainer/Worker, Track Worker, Carman, Utility Worker, and other job titles.

20. Defendant's three-minute step test purports to measure candidates' aerobic capacity.

21. Candidates who fail to achieve a passing score on the three-minute step test were and are disqualified from the positions they sought or have already been previously awarded.

22. Defendant's three-minute step test causes significant disparate impact on female employees and job applicants because of sex. For instance, the passage rate for all male candidates is approximately 87%, while the passage rate for all female candidates is approximately 63%.

23. Beginning on or about July 2011 and continuing until on or about July 2013, Defendant implemented a selection procedure requiring that candidates (both current employee candidates and non-employee job applicants) seeking to be hired for at least 12 job titles must achieve a passing score on an arm ergometer test. The affected job titles include, but are not limited to, Conductor/Freight Conductor, Entry Level Signal Maintainer/Worker, Track Worker, Carman, Utility Worker, and other job titles.

24. Defendant's arm ergometer test purports to measure candidates' arm muscle endurance.

25. Candidates who failed to achieve a passing score on the arm ergometer test were disqualified from the positions they sought or have already been previously awarded.

26. Defendant's arm ergometer test causes significant disparate impact on female employees and job applicants because of sex. For instance, the passage rate for all male candidates is approximately 98%, while the passage rate for all female candidates is approximately 83%.

27. As a result of the employment testing practices complained of in Paragraphs 13 through 26, above, Defendant has refused to hire/select Hutchinson and a class of other aggrieved female employees and job applicants for job titles affected by those testing practices because of their sex, female.

28. The effect of the practices complained of in Paragraphs 13 through 27, above, has been to deprive Hutchinson and the class of other aggrieved female employees and job applicants of equal employment opportunities and otherwise adversely affect their status as employees and applicants because of their sex, female.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction prohibiting Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them, from administering its current isokinetic strength and three-minute step tests, as well as prohibiting re-institution of the arm ergometer test, as a requirement to be hired/selected into any position or in relation to any other term, condition, or privilege of employment.

B. Grant a permanent injunction prohibiting Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them, from implementing any other particular employment practices, such as employment tests, that cause disparate impact on female employees or job applicants because of sex and that are not job-related for the position(s) in question and consistent with business necessity or for which there are alternative employment practices that cause less impact, as well as any other employment practices that discriminate because of sex.

C. Order Defendant to institute and carry out training, policies, practices, and programs that provide equal employment opportunities based on sex, and that ensure that its operations are free from particular employment practices, such as employment tests, that cause an unlawful disparate impact on female employees or job applicants because of sex.

D. Order Defendant to make and maintain for inspection such records concerning its employment testing, and to provide to the Commission such reports, as are appropriate to enable

the Commission to monitor Defendant's compliance with the Court's prohibitory injunction concerning particular employment practices that cause an unlawful disparate impact because of sex.

E. Order Defendant to provide to the Commission reports identifying and describing any alternative employment practices that it adopts in lieu of employment practices enjoined as a result of this action, regardless of whether such alternative employment practices were proven by the Commission at trial in this action or identified by other means.

F. Order Defendant to make whole Ms. Hutchinson and all individuals in the class of other aggrieved female employees and job applicants, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and instatement into the positions that Hutchinson and the other aggrieved female employees and job applicants were previously denied as a result of Defendant's unlawful employment practices.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
ACTING GENERAL COUNSEL

GWENDOLYN YOUNG REAMS

ASSOCIATE GENERAL COUNSEL

/s/ **Debra M. Lawrence**
DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Telephone: (410) 209-2734
Facsimile: (410) 962-4270

/s/ **Ronald L. Phillips**
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
Ohio I.D. No. 0070263
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Telephone: (410) 209-2737
Facsimile: (410) 962-4270
E-mail address: ronald.phillips@eeoc.gov

/s/ **Lisa H. Hernandez**
LISA H. HERNANDEZ
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 87634
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone: (412) 395-5852
Facsimile: (412) 395-5749
E-mail address: lisa.hernandez@eeoc.gov

CAROL A. CASTO
UNITED STATES ATTORNEY

BY: /s/ **Stephen M. Horn**
STEPHEN M. HORN
ASSISTANT UNITED STATES Attorney
WV State Bar No. 1788

8

United States Attorney's Office
300 Virginia Street, E, Room 4000
Charleston, WV 25301
Telephone: (304) 345-2200
Facsimile: (304) 347-5443
Email address: steve.horn@usdoj.gov
*Counsel for United States*