IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

|  |  |  |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) | **Case No. 3:17-CV-03731** |
| v. | ) ) | <u>**CONSENT DECREE**</u> |
| **CSX TRANSPORTATION, INC.,** | ) ) | |
| Defendant. | ) ) ) | |

<u>INTRODUCTION AND FINDINGS</u>

On August 1, 2017, the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") filed this action against Defendant CSX Transportation, Inc. ("Defendant") alleging that Defendant engaged in unlawful employment practices in the form of a physical abilities test battery that caused disparate impact in hiring because of sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). EEOC alleged that a company-wide class of female workers, inclusive of both non-employee and employee candidates, were adversely affected by those practices. Defendant denies EEOC's allegations and has asserted affirmative defenses, including that its test battery is job-related and consistent with business necessity. The Court has not adjudicated any of the liability issues in this case.

As a result of their settlement discussions, the parties now desire to resolve this action and all claims asserted in EEOC's Complaint without the time and expenditure of contested litigation. Accordingly, EEOC and Defendant have entered into this Consent Decree to resolve EEOC's claims, to avoid the delay, costs and risks of further proceedings, and to promote and effectuate

1

the purposes of Title VII.

The Court finds that it has jurisdiction over the subject matter of this action and the parties for purposes of the action, entry of the Consent Decree, and all proceedings related to the Consent Decree.

The Court, having examined the terms and provisions of the Consent Decree, further finds that they are reasonable and just in accordance with the Federal Rules of Civil Procedure and Title VII.

The Court further finds that entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the parties, those for whom EEOC seeks relief, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

<u>DEFINITIONS</u>

A.     "Defendant" means CSX Transportation, Inc. and its successors, assigns, agents, and all persons and entities in active concert.

B.     "EEOC" or "Commission" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government.

C.     "Covered Job Title" or "Covered Job Titles" shall mean all job titles regarding which Defendant has previously administered one or more of the tests identified in EEOC's Complaint in the above-styled and numbered action as a requirement for hiring for those job titles, including but not limited to the following: Assistant Signal Worker – Construction, Assistant Signal Worker – Maintenance, Boilermaker, Bridge Mechanic, Bridge Tender, Carman, Carman Painter, Communications Maintainer Technician – CDL, Communications Maintainer Technician – FCC, Communications Maintainer/Tech, Diesel Locomotive Electrician, Diesel Mechanic,

Diesel Mechanic - Coal Pier, Entry Level Signal Maintainer, Freight Conductor, Heavy Equipment Operator - Coal Pier, Material Handler/Clerk, Mechanic Specialist, Mechanical Electrician, P&M Clerk, Pier Technician - Coal Pier, Road Electrician, Roadway Mechanic, Sheet Metal Worker – Pipefitter, Sheet Metal Worker – Plumber, Track Worker, Track Worker System Production Team, Utility Laborer, Utility Worker, Welder Helper, and Welding Specialist.

D.      "Day" or "days" refers to calendar days unless otherwise indicated.

E.      "Eligible Claimant" or "Eligible Claimants" refers to female persons (either non-employees or Defendant's employees) who were candidates for a position with Defendant at any time during the period May 19, 2009, until entry of this Decree but who failed to attain a passing score on any one or more of the physical abilities tests identified in EEOC's Complaint in the above-styled and numbered action and were required for hiring for the position.

F.      The terms "hire" or "hiring" refers to the filling of a job opening by an individual who is new to Defendant's employ, was previously employed by Defendant, or is an employee of Defendant but new to the job title she or he has sought.  For purposes of clarity, "hire" or "hiring" does not refer to filling a job opening by an individual through recall from furlough pursuant to a collective bargaining or other labor agreement.

G.      The term "Non-Demonstration Physical Testing" shall mean any form of physical strength or endurance (including, but not limited to, abilities, dimensions or concepts known as "muscular strength," "muscular endurance," "explosive strength," "dynamic strength," "static strength," "anaerobic power," and "trunk strength"), aerobic capacity or cardio-endurance, flexibility, or equilibrium abilities testing used to hire job applicants or employees for Covered Job Titles that does not involve performance of physical tasks that are actually required to be performed as part of the on-the-job duties and responsibilities of those positions in the manner and

3

under conditions reasonably comparable to those in which they are ordinarily performed. The physical abilities testing practices that are enjoined by Paragraph No. 9 of this Decree are specifically excluded from this Definition.

H.      The terms "particular employment practice," "job-related," "business necessity," "job-related for the position in question and consistent with business necessity," and "alternative employment practice" are to be defined in accordance with 42 U.S.C. § 2000e-2(k), the Interpretive Memorandum appearing at Vol. 137 Congressional Record S 15276 (daily ed. Oct. 25, 1991) that is designated by Section 105 of the Civil Rights Act of 1991, and controlling case law.

I.      "Relevant Discrimination Complaint(s)" shall mean any report or allegation of unlawful employment practices because of sex (female) involving non-medical hiring or training period-related physical strength or endurance evaluations (including but not limited to abilities, dimensions or concepts known as "muscular strength," "muscular endurance," "explosive strength," "dynamic strength," "static strength," "anaerobic power," "trunk strength," aerobic capacity or cardio-endurance, flexibility or equilibrium abilities testing) for Covered Job Titles regardless of form, including but not limited to lawsuit initiating documents, administrative charges of discrimination, contractual/labor grievances, arbitration initiating documents, and reports or allegations made pursuant to Defendant's own internal procedures for making such reports or allegations.

## GENERAL PROVISIONS AND COURT ENFORCEMENT POWERS

1.      This Decree constitutes full discharge and satisfaction of any claims that have been alleged in the Complaint filed by Plaintiff EEOC in the above-styled and numbered action.

2.      EEOC and Defendant each shall bear their own attorney's fees and costs incurred in connection with this action.

4

3.      This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

## SCOPE AND DURATION OF DECREE

4.      Geographic Scope:  This Decree shall apply to all of Defendant's facilities, work locations and operations in the United States, its territories and possessions.   Extra-territorial application of this Decree shall be governed by controlling federal law under Title VII.

5.      Effect on Labor Agreements: It is the intent of the Parties that this Decree does not contravene the terms of any collective bargaining agreement to which Defendant is a party that is in effect on the date of entry of this Decree.  Nothing in this Decree shall be construed to require Defendant to violate or contravene the terms of any such collective bargaining agreement.

6.      Decree Duration:  This Decree shall become effective on the date of its entry by the Court and shall remain in effect until its expiration date, which shall be two (2) years after the date of entry of this Decree by the Court.

7.      Automatic Extension of Decree Duration Upon Notice and Motion:  If during the operation of this Decree Defendant determines that it will seek to re-institute any Non-Demonstration Physical Testing for any of the Covered Job Titles, the expiration date of this Decree shall be extended to a date that is two (2) years and six (6) months after EEOC's receipt of Defendant's Notice required by Paragraph No. 11(e) below.  EEOC shall be responsible for filing with the Court a Joint Motion to Modify Consent Decree in which the Parties shall request that the Court enter an order extending the duration of the Decree. The Joint Motion will identify the date of EEOC counsel of record's actual receipt of Defendant's Notice and the new expiration date of the Decree (not to exceed two (2) years and six (6) months after the date of EEOC's receipt of the

Notice), and the Parties shall attach Defendant's Notice as an exhibit to the Motion.  Thereafter, the Court will enter an order extending the duration of this Decree pursuant to this Paragraph.

INJUNCTION

8.      Defendant, its officers, agents, servants, employees, successors in interest and all persons acting in concert or on its behalf are hereby enjoined and restrained from implementing any Non-Demonstration Physical Testing for purposes of employment hiring that violates Title VII's prohibition of disparate impact sex discrimination.

9.      Testing Cessation: Defendant shall cease its use of the IPCS Biodex isokinetic test and three-minute step test for employment hiring purposes not later thirty (30) days after entry of this Decree by the Court.  Defendant has previously ceased use of the arm ergometer test for employment hiring purposes.  During the term of this Decree, Defendant shall not re-institute the tests identified in this Paragraph for employment hiring purposes.

10.     Report of Testing Cessation: Defendant shall submit a report to EEOC certifying its compliance with Paragraph No. 9 above, and identifying the date that testing discontinued, not later than seven (7) days after the testing cessation date required by Paragraph No. 9 above.

11.     Conditions Precedent for Use of Any New Non-Demonstration Physical Testing: For the duration of this Decree, Defendant shall not use any Non-Demonstration Physical Testing for employment hiring regarding Covered Job Titles, except in accordance with the following procedures:

(a)     In the event that Defendant determines that it intends to use Non-Demonstration Physical Testing for employment hiring regarding Covered Job Titles, prior to implementation of such test(s) Defendant shall conduct analyses to determine all of the following: (i) whether the test(s) will cause statistically significant disparate impact

6

because of sex; (ii) whether the test(s) are job-related for the position in question and consistent with business necessity; and (iii) whether there are any alternative employment practice(s) that would cause less disparate impact because of sex.

(b)    Validation Process: Defendant shall engage the services of expert consultant(s) to conduct the analyses required by Paragraph No. 11(a) above.  Such expert consultant(s) shall be qualified by education, training and experience to conduct the required analyses and shall apply reliable, professionally developed scientific standards. Such expert consultant(s) shall have sufficient education, knowledge, experience, training and skill to be qualified as an expert in one or more of the following scientific fields: (i) industrial/organizational psychology; (ii) exercise physiology or kinesiology (or for either (i) or (ii) comparable disciplines that involve assessment of physical abilities measurement techniques, the relationship between physical abilities test performance and job performance, and use of job design/re-design study and techniques in order to reduce physical job demands); and (iii) if worker injury reduction is an organizational goal or purpose of the testing, ergonomics or other comparable disciplines.

(c)    The analyses required by Paragraph Nos. 11(a) & (b) above, to determine whether the Non-Demonstration Physical Testing is job-related for the position in question and consistent with business necessity and whether there are any alternative employment practice(s) that would cause less disparate impact because of sex shall be conducted in a manner consistent with standards set forth in the Uniform Guidelines on Employee Selection Procedures (UGESP), 29 C.F.R. Part 1607, and documented in a formal validation report in a manner consistent with the standards for documentation of validity evidence set forth in 29 C.F.R. § 1607.15.

(d)     Legal Compliance Review: Prior to implementation of any new Non-Demonstration Physical Testing, personnel in Defendant's legal department or retained counsel shall conduct a review of the analyses required by Paragraph Nos. 11(a) & (b) above, for purposes of assessing Title VII legal compliance.

(e)     Notice of Non-Demonstration Physical Test Development:  Not less than thirty (30) days prior to Defendant's commencement of the analyses required by Paragraph Nos. 11(a) & (b) above, Defendant shall provide written Notice to EEOC containing the following information: (i) identification of the Covered Job Titles for which Non-Demonstration Physical Testing is to be developed; (ii) a description of the type of testing to be analyzed; (iii) a description of the organizational goal or purpose sought to be served by re-instituting a type of Non-Demonstration Physical Testing; (iv) a summary of the validation study design and method of validation to be used in the analyses; and (v) the name, address, and curricula vitae of the expert consultants to be engaged pursuant to Paragraph No. 11(b) above.

(f)     Validation Report Transmittal to EEOC:  Not less than six (6) months prior to the date that Defendant intends to implement any Non-Demonstration Physical Testing that was the subject of the analyses required by Paragraph Nos. 11(a) & (b) above, Defendant shall transmit to EEOC all statistical analyses of disparate impact required by Paragraph Nos. 11(a) & (b) and a complete copy of the formal validation report required by Paragraph No. 11(c), including all tables, exhibits and appendices.

(g)     EEOC Evaluation Period: Defendant shall refrain from implementing any Non-Demonstration Physical Testing unless and until EEOC has been in possession of the formal validation report required to be transmitted by Paragraph No. 11(f) above, for not

less than six (6) months.  If this six (6) months period ends without EEOC invoking Paragraphs 11(h) and 11(i) below, then Defendant may implement the Non-Demonstration Physical Testing at that time.

(h)     Good Faith Conferral: Defendant shall confer in good faith with EEOC and its experts regarding any Non-Demonstration Physical Testing that it intends to implement, including any concerns or recommendations that EEOC communicates to Defendant regarding (i) matters relevant to the subjects of the Notice required by Paragraph No. 11(e), (ii) the formal validation report required by Paragraph No. 11(c), or (iii) any other matters relevant to the testing.  In addition, Defendant shall, as a condition of its expert consultants' engagement, require that the expert consultants make themselves available for conferral with EEOC and its experts upon request by EEOC.

(i)     EEOC Compliance Review Authority: EEOC shall have the legal authority to require Defendant to promptly produce, at Defendant's expense, relevant documents (including but not limited to any data or other material of any character reviewed or generated as part of the analyses required by Paragraph No. 11(a) & (b)) and to conduct a reasonable number of interviews of Defendant's personnel (at reasonable times and places) for purposes of evaluating any Non-Demonstration Physical Testing that Defendant intends to implement.  In addition, Defendant shall, as a condition of its expert consultants' engagement, require that they promptly produce relevant documents in response to any written request by EEOC.

12.     Non-Retaliation: Defendant, its officers, agents, servants, employees, successors in interest and all persons acting in concert or on their behalf are hereby enjoined and restrained from engaging in any employment practice that discriminates against employees or job applicants who

oppose any practice made unlawful by Title VII.  Defendant is further enjoined and restrained from engaging in any employment practice that discriminates against any job applicant, employee or other person because he or she made a charge, or participated, testified or assisted the Commission in any manner, or sought or received relief in this action, the administrative proceedings preceding this action, or in any other proceeding under Title VII.

## CLASS MONETARY RELIEF

13.     Defendant shall pay monetary relief in the total amount of three million two hundred thousand dollars ($3,200,000.00) into a Qualified Settlement Fund ("QSF") to be established by the third-party settlement administrator ("Claims Administrator") identified in this Decree.  This amount shall constitute back pay (with or without interest) and front pay payable to persons determined by EEOC to be Eligible Claimants.  Defendant shall complete the aforementioned monetary relief payment into the QSF not later than fourteen (14) days after entry of the Decree.  Defendant shall promptly notify EEOC after it has completed payment into the QSF.

14.     Defendant shall be responsible for paying its share of all applicable payroll taxes (e.g., Railroad Retirement taxes) on payments made to Eligible Claimants from the QSF.

15.     The total amount of payments to Eligible Claimants shall not exceed the amount in the QSF plus any interest that has accrued on amounts in the QSF.

16.     As a condition of and in consideration for receiving any monetary payment pursuant to this Decree, all Eligible Claimants shall execute a Release in the form attached hereto as Exhibit A.

## CLASS CLAIMS PROCESS

17.     The QSF shall be established and administered by the Claims Administrator, which

shall be KCC, LLC, a qualified third-party settlement administrator that was selected by the Parties

prior to entry of this Decree.  Upon entry of this Decree, the Administrator shall commence its

duties in accordance with this Decree and instructions received from EEOC.

18.     The Administrator shall be responsible for the following:

(a)     establishing and administering the QSF;

(b)     researching potential Eligible Claimant contact information, issuing notice

of the claims process to potential Eligible Claimants and obtaining and

transmitting relevant information and documents to EEOC;

(c)     issuing payment to Eligible Claimants from the QSF in amounts

determined by EEOC;

(d)     keeping records of payments from the QSF and the QSF account balance

and reporting them to EEOC;

(e)     calculating and making required payroll tax withholdings from payments

to Eligible Claimants;

(f)     issuing required income tax documents regarding payments made from the

QSF;

(g)     confirming to EEOC that QSF payments to Eligible Claimants have been

successfully delivered and whether checks have been cashed; and

(h)     any other tasks assigned by EEOC that are reasonably necessary to

administer the QSF and carry out the claims process.

19.     Distribution of monetary relief to Eligible Claimants shall be made by the Claims

Administrator in accordance with a claims process and award criteria and amounts to be determined by EEOC. All distributions of monetary relief to and among Eligible Claimants will be determined by EEOC. Except for providing information/documents and satisfying payroll tax obligations as described in Paragraph Nos. 23 and 24, Defendant shall not have any participation or role in determining the identities of Eligible Claimants or amounts payable to such persons.

20. The Claims Administrator shall make payments of available funds from the QSF within sixty (60) days of receiving written notice from EEOC of the names of the claimants to be paid, the addresses to which payments are to be delivered, and the amounts to be paid to each claimant. Delivery of payment shall be made by certified mail, return receipt or express overnight mail with delivery confirmation. The Claims Administrator will make periodic quarterly reports to EEOC and Defendant concerning the status of delivery of payment to Eligible Claimants and whether checks issued to Eligible Claimants have been cashed.

21. After the conclusion of any calendar year in which payment is made to Eligible Claimants from the QSF, the Claims Administrator shall promptly issue to all such persons an IRS Form W-2 for any monetary relief amounts constituting back pay or front pay in the form of wages and benefits and an IRS Form 1099-Misc for monetary relief amounts constituting pre-settlement interest on back pay.

22. EEOC shall have two (2) years after the date of entry of this Decree within which payments may be made to Eligible Claimants from the QSF. At the conclusion of the aforementioned period, EEOC shall direct the Administrator to remit any residual amounts to Girl Scouts of the United States of America specifically designated to support its STEM (science, technology, engineering and mathematics) programs.

23. Defendant shall provide EEOC and the Claims Administrator with all information

and documents reasonably necessary to enable identification of Eligible Claimants and determination of award amounts and payroll tax withholdings.

24.     The process for Defendant to satisfy its payroll tax obligations pursuant to Paragraph No. 14 above is as follows:

(a)     The Claims Administrator shall promptly inform Defendant of the amounts of back pay and front pay to be distributed to each Eligible Claimant from the QSF and all other information necessary for Defendant to satisfy its payroll tax liabilities no later than thirty (30) days before any distribution;

(b)     Defendant shall remit to the QSF all monetary amounts equal to its payroll tax liability for back pay and front pay awards identified by the Claims Administrator not later than thirty (30) days after receiving notification of such amounts from the Claims Administrator pursuant to Paragraph No. 24(a) above; and

(c)     Such monetary amounts shall be used only for satisfying Defendant's payroll tax liability.  Such payroll taxes shall then be timely paid by the Administrator under the Taxpayer Identification Number for the QSF.

25.     Defendant shall pay directly to the Claims Administrator all costs and expenses of the Claims Administrator (or any subsequently appointed Administrator) incurred in the course of carrying out its duties under the Decree up to an amount that shall not exceed a total of fifty thousand dollars ($50,000.00).

26.     If either Party determines that the Claims Administrator cannot perform its duties in a proficient manner or at reasonable cost in light of the nature of the work required to be performed under this Decree, the rates quoted by the Claims Administrator prior to entry of this Decree, and the availability of other potential Claims Administrators that may be more cost-

effective, that Party may file a motion with the Court for the appointment of a new Claims Administrator.  Prior to filing such motion, the moving Party shall confer with the non-moving Party in a good faith effort to identify a new Claims Administrator satisfactory to both parties for presentation to the Court.

CLASS NON-MONETARY RELIEF

27.    For the duration of this Decree, if any Eligible Claimant applies for hire with Defendant for an open/available position as a Freight Conductor, P&M Clerk/Storekeeper, Bridge Tender, Carman, Communications Maintainer/Tech, Diesel Locomotive Electrician, Entry Level Signal Maintainer, Track Worker, or Utility Worker, Defendant shall offer the position to her if (a) she is fully qualified for the position considering all bona fide, job-relevant, non-discriminatory qualifications; and (b) another candidate does not possess superior bona fide, job-relevant, non-discriminatory qualifications for the position.

28.    Not later than thirty (30) days after EEOC has provided addresses of the Eligible Claimants to Defendant as provided in Paragraph No. 29 below, Defendant shall deliver to each Eligible Claimant a letter notifying that person of the following:

(a)    That all positions that may become open/available for hiring will be posted on Defendant's website;

(b)    That Defendant has ceased conducting Non-Demonstration Physical Testing for such positions, including identification of the specific tests that have been discontinued;

(c)    That Defendant has established a special point-of-contact at the company to assist the person with any questions that she may have about the process of applying for or seeking open/available positions, including the name, title and contact information

of the point-of-contact;

(d)     That if the Eligible Claimant applies for such positions, Defendant will consider the Eligible Claimant for such positions regardless of her address, provided, however, that she agrees to relocate to an address that will allow her to meet any applicable call requirements for those positions that have such requirements (i.e., two-hour call); and

(e)     That for the duration of this Decree, if such person applies for an open/available position as a Freight Conductor, P&M Clerk/Storekeeper, Bridge Tender,Carman, Communications Maintainer/Tech, Diesel Locomotive Electrician, Entry Level  Signal Maintainer, Track Worker, or Utility Worker; she is fully qualified for the position; and another candidate does not possess superior job-relevant qualifications for the position, that Defendant will offer her the position.

29.     Defendant shall transmit the letters required by Paragraph No. 28 above, to the last known residence addresses of the Eligible Claimants, to be supplied by EEOC, both by regular U.S. mail and by registered or certified U.S. mail with return receipt requested.  Defendant shall exercise reasonable care in its attempts to deliver the letters to Eligible Claimants.

30.     Not later than sixty (60) days after EEOC has provided addresses of the Eligible Claimants to Defendant as provided in Paragraph No. 29 above, Defendant shall submit a report to EEOC identifying each Eligible Claimant to whom it attempted delivery of the letter required by Paragraph No. 28 above, the means of attempted delivery, and whether delivery was completed as evinced by non-return of the correspondence as undeliverable or other indicia of successful delivery.

<u>REPORTING: HIRING AND CLASS NON-MONETARY RELIEF</u>

31.     Commencing six (6) months after entry of this Decree by the Court, and each six

15

(6) months thereafter, Defendant shall submit to EEOC a report containing the following information pertaining to the six-month reporting period immediately preceding the date of the report:

     (a)    each open/available position as a Freight Conductor, P&M Clerk/Storekeeper, Bridge Tender, Carman, Communications Maintainer/Tech, Diesel Locomotive Electrician, Entry Level Signal Maintainer, Track Worker, or Utility Worker for which a person was hired during the reporting period;

     (b)    the full name of the person hired;

     (c)    the geographic location of the position;

     (d)    the date of hire; and

     (e)    the sex of the person hired.

32.    In the event that any Eligible Claimant applies for any open/available position as a Freight Conductor, P&M Clerk/Storekeeper, Bridge Tender, Carman, Communications Maintainer/Tech, Diesel Locomotive Electrician, Entry Level Signal Maintainer, Track Worker, or Utility Worker, Defendant shall notify EEOC of that fact in the Report required by Paragraph No. 30. Such notification shall include the full name of the Eligible Claimant; the position for which she applied; the date of her application; the geographic location of the position; whether she was offered the position; if she was not offered the position, the reason the position was not offered to her and the full name and sex of the person who was offered the position; and, if she was offered the position, whether she accepted the position. Additionally, upon written request by EEOC, Defendant shall produce all records concerning the persons required to be identified pursuant to this Paragraph and shall make available for interview (at reasonable times and places) the Defendant official who made the decision to not offer the position to the female person described

16

in Paragraph No. 27.

## REPORTING: RELEVANT DISCRIMINATION COMPLAINTS

33.     Defendant shall maintain information and records of any Relevant Discrimination Complaints ("Complaint" or Complaints").  The information and records must include:

(a)     The full name, job title, social security number, work location, last known residence address, and last known residence and cell phone number of the applicant or employee making the Complaint;

(b)     The date of the Complaint;

(c)     A particularized description of the report or allegations made in the Complaint;

(d)     The full names, job title, social security number, work address, last known residence address, and last known residence and cell phone number of any witnesses regarding the Complaint;

(e)     The full name, job title and work location of the Defendant personnel alleged in the Complaint to have engaged in unlawful employment practices because of sex;

(f)     The full name, job title and work address of any persons who received any Complaint;

(g)     A particularized description of all non-privileged actions taken by Defendant in response to the Complaint; and

(h)     All non-privileged documents received, generated, reviewed, or compiled in relation to the Complaint.

34.     Defendant shall provide a report of the information detailed in Paragraph No. 33 above, to the Commission within sixty (60) days of its notice of a Relevant Discrimination Complaint.  Defendant shall attach to the report all documents required to be maintained under

17

Paragraph No. 33(h) above.  Such reports must be updated and sent to the Commission each (90) days thereafter until final action is taken by Defendant on the Complaint.

SUBMISSION OF REPORTS AND NOTICES TO EEOC

35.    All notifications and reports required under this Decree shall be made in writing and shall be sufficient if transmitted by e-mail, hand-delivery, or express or regular mail to Lisa H. Hernandez, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, Pittsburgh Area Office, William S. Moorhead Federal Building, 1000 Liberty Ave., Suite 1112, Pittsburgh, PA 15222.

DISPUTE RESOLUTION AND COMPLIANCE

36.    Upon motion of EEOC, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree.  Prior to such motion, EEOC shall notify Defendant, in writing, of the alleged non-compliance.  Upon receipt of written notice, Defendant shall have thirty (30) days to either correct the alleged violation, and so inform EEOC, or deny the alleged violation, in writing;

(a)    If the Parties remain in dispute they shall attempt in good faith to resolve their dispute;

(b)    If the Parties cannot resolve their dispute in good faith, EEOC may file a motion with the Court seeking remedies for the alleged noncompliance and for Defendant to show cause why it should not be found in contempt;

(c)    Each party shall bear its own costs, expenses and attorney's fees incurred in connection with such motion; and

(d)    Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Southern District of West Virginia.

18

IT IS AGREED:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_FOR
DEBRA M. LAWRENCE   _PER AUTHORIZATION_
Regional Attorney
EEOC – Philadelphia District Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Office #: (410) 209-2734
Facsimile #: (410) 962-4270

Dated: 6/11/18

RONALD L. PHILLIPS
Supervisory Trial Attorney
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Office #: (410) 209-2737
Facsimile #: (410) 962-4270

Dated: 6/11/18

LISA H. HERNANDEZ
CATHERINE N. SELLERS
Senior Trial Attorneys
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Ave., Suite 1112
Pittsburgh, PA 15222
Office #: (412) 395-5852
Facsimile #: (412) 395-5749

Dated: 6/9/18

19

CSX TRANSPORTATION, INC.

_DIANA B. SORFLEET_
DIANA B. SORFLEET
Chief Human Resources Officer

Dated: June 7, 2018

**IT IS SO ORDERED:**

6/12/18
Dated

HONORABLE ROBERT C. CHAMBERS
United States District Judge

Exhibit A

**RELEASE AGREEMENT ("Release")**

**Release and Satisfaction of Claims.**  In consideration for the $_____ paid to me by CSX Transportation Inc. in connection with the resolution of the lawsuit styled *EEOC v. CSX Transportation, Inc.*, Case No. 3:17-CV-03731 (S.D.W. Va.), I hereby waive, release and discharge, and covenant not to sue, CSX Transportation, Inc., or any of its past, present and future direct and indirect parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, affiliated organizations, insurers, assigns, and each of its past, present and future officers, directors, members, trustees, agents, employees, attorneys, contractors, representatives, and any other persons or entities acting on their behalf (the "Releasees") for any claims of gender (sex) discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, that are the subject of the above-styled and numbered lawsuit and that I have or may have had against the Releasees and/or any of them on or before the date of this Release.

_____          X_____
Date                                            Name

                                                     Mailing Address:
                                                     Name
                                                     Street Number
                                                     City, State, Zip Code